**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-167 (JRT/AJB) |
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM** |
| ANTHONY ALEX MUNOZ, | |
| Defendant. | |

Kevin S. Ueland, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Paul C. Engh, **PAUL ENGH LAW OFFICE**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402, for defendant.

On May 17, 2012, a jury found Anthony Alex Munoz guilty of one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On September 26, 2012, following an evidentiary and sentencing hearing, the Court granted a downward variance from the recommended Guidelines range and sentenced Munoz to thirty months imprisonment and a six year term of supervised release. This memorandum supplements findings made on the record at the sentencing hearing.

## BACKGROUND

**I.      RECOMMENDATIONS OF PRESENTENCE REPORT AND PARTIES**

The presentence investigation report concluded that Munoz's total offense level was thirty-six and that he fell in criminal history category I. Because the statutory maximum for the offense is 120 months, 18 U.S.C. § 2252(b)(2), the presentence report calculated the Guidelines range as **120 months**. In the absence of the statutory maximum, the Guidelines range for this offense level would have been 188-235 months. The presentence report ultimately recommended a sentence of **eighty-four months**. The United States agreed with the offense level and Guidelines range as calculated by the presentence report, and requested a sentence of **120 months**.

Munoz objected to the offense level set forth in the presentence report. Munoz first objected to the application of a five-level enhancement for the distribution of child pornography for a thing of value but not for pecuniary gain, pursuant to U.S.S.G. § 2G2.2(b)(3)(B). The enhancement was based on six images of child pornography that were allegedly sent to a cooperating defendant from an IP address assigned to Munoz. The six images were not found in Munoz's possession and were never recovered during the criminal investigation. Because the images were never recovered, Munoz claimed that there was no evidence to support the enhancement for distribution. Second, Munoz objected to the application of a four-level enhancement because the offense involved "material that portrays sadistic or masochistic conduct," pursuant to U.S.S.G. § 2G2.2(b)(4). Munoz argued that the enhancement for sadistic or masochistic conduct is arbitrary and fails to distinguish between more or less culpable child pornography

defendants because all child pornography is by its very nature sadistic.  Third, Munoz objected to the five-level enhancement for possession of 600 or more images under U.S.S.G. § 2G2.2(b)(7)(D).  Munoz did not dispute that he possessed almost 6,000 images, but argued that the five-level enhancement is unfair because 600 images can be acquired in a single instance of online conduct, nearly every child pornography case involves over 600 images, and there is no empirical basis for the enhancement.  The United States opposed each of Munoz's objections.  Munoz ultimately requested that the Court vary from the Guidelines and sentence him to a term of probation.

## II.   HEARING

At the evidentiary and sentencing hearing, the Court heard testimony from Special Agent Paul Couturier, the FBI agent assigned to Munoz's case since November 2010.  Couturier provided testimony regarding the five-level enhancement for distributing child pornography for a thing of value.  Couturier testified as to the contents of various chat logs that transcribed online conversations between "mrbiskit258," Munoz's user name on the site,[1] and other users.  During several chats, "mrbiskit258" specifically discussed sending images of child pornography to the users he was chatting with, and receiving images from those users.  "Mrbiskit258" also indicated that he had begun trading images with other users not involved in the chats.

---

[1] Couturier testified that during an FBI interview Munoz identified "mrbiskit258" as one of his user names on the site generating the chat logs.  During this same interview Munoz allegedly admitted to chatting with other users on the site about child pornography.

Following this testimony, the Court heard the arguments of counsel regarding the applicable offense level and the appropriateness of a variance from the Guidelines range. The United States emphasized Munoz's failure to accept responsibility for his crime, and the impact of child pornography crimes on the children victimized through its production and distribution in recommending a sentence of 120 months imprisonment. Defense counsel highlighted the unhelpful nature of the Guidelines in Munoz's case and requested probation or the lowest sentence of imprisonment that the Court determined to be just. Finally, the Court heard from Munoz who urged the Court to consider his positive role in his family and community.

## ANALYSIS

### I. OFFENSE LEVEL

In imposing a sentence, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines range is calculated by first determining the base level offense and then adjusting the offense level to include any applicable enhancements or reductions. *See United States v. Bush*, 352 F.3d 1177, 1183 (8th Cir. 2003); *see also* U.S.S.G. § 1B1.1(a)(2)-(3). The United States bears the burden of demonstrating by a preponderance of the evidence that enhancements to Munoz's base offense level are warranted. *See United States v. Thomas*, 630 F.3d 1055, 1057 (8th Cir. 2011).

The Court finds that Munoz's base offense level under the Guidelines is 18. *See* U.S.S.G. § 2G2.2(a)(1). Munoz does not dispute, and the Court applies, a two-level

enhancement for possession of material involving a prepubescent minor under U.S.S.G. § 2G2.2(b)(2), and a two-level enhancement for the use of a computer in committing the offense under U.S.S.G. § 2G2.2(b)(6).

Additionally, the Court finds that the United States has shown by a preponderance of the evidence that Munoz traded child pornography with others, and therefore applies a five-level enhancement for distribution for receipt of a thing of value under U.S.S.G. § 2G2.2(b)(3)(B). The testimony of Special Agent Couturier establishes that it is more likely than not that Munoz transmitted images of child pornography to others and received child pornography in return. According to Munoz's own admission, he used the online user name "mrbiskit258" on the website in question. In the online conversations related by Couturier, "mrbiskit258" specifically asked other users about images that "mrbiskit258" had sent to them. The conversations also detail "mrbiskit258" trading images with other users, and receiving images from other users. Even though the images allegedly transmitted to a cooperating defendant were never recovered from Munoz's computer, these facts are sufficient to demonstrate that Munoz was transmitting images of child pornography in exchange for other images. *See* U.S.S.G § 2G2.2, cmt. n.1 (noting that "thing of value" includes child pornographic material received in exchange for other child pornographic material). Therefore, the Court concludes that the five-level enhancement for distribution for a thing of value is appropriate.

Finally, the Court notes Munoz's disagreement with the policy rationale underlying the remaining enhancements, but concludes that Munoz's offense conduct warrants the enhancements found in the presentence report. Munoz does not dispute that

more than 600 images were recovered from his computer, therefore the Court finds that a five-level increase for 600 or more images under U.S.S.G. § 2G2.2(b)(7)(D) applies. Munoz also does not dispute that images found in his possession portraying sexual activity between an adult and a child constitute portrayals of sadistic or masochistic conduct in this Circuit. *See United States v. Belflower*, 390 F.3d 560, 561-62 (8th Cir. 2004). Accordingly, the Court applies the four-level enhancement under U.S.S.G. § 2G2.2(b)(4).

The Court therefore finds a total offense level of 36. The Court further finds that Munoz's criminal history category is I, which results in an advisory sentencing Guidelines range of 188 to 235 months. The statutory maximum, however, is 120 months. Additionally, the Court finds that this offense level carries a supervised release range of five years to life, and a fine range of $20,000 to $200,000.

## II. VARIANCE

In determining an appropriate sentence, the Guidelines are the Court's "starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). But the advisory Guidelines are not the Court's only consideration when imposing a sentence. *Id.* After the parties have been given an opportunity to argue for an appropriate sentence, the Court considers the factors under 18 U.S.C. § 3553(a) to arrive at a sentence that is "sufficient, but not greater than necessary" to accomplish the statutory goals of sentencing. *See id.*; *Gall*, 552 U.S. at 49-50 & n.6. The Court considers the nature and circumstances of the offense, the history and characteristics of the defendant, the need for

the sentence to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence to criminal conduct, the need to protect the public, the need to avoid unwarranted sentencing disparities, and the Guidelines range itself. 18 U.S.C. § 3553(a). The Court may not presume that the Guidelines range is reasonable, but "must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50. Therefore "while [§ 3553(a)] still requires a court to give respectful consideration to the Guidelines," the Court is free to reject the Guidelines in order "to tailor the sentence in light of other statutory concerns." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (citation and internal quotation marks omitted).

The Supreme Court has recognized a sentencing court's authority to consider whether the Guidelines sentence itself "properly . . . reflect[s] § 3553(a) considerations." *Rita v. United States*, 551 U.S. 338, 351 (2007). The Court may vary from Guidelines "based on **policy** disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." *Spears v. United States*, 555 U.S. 261, 264 (2009) (emphasis in original). Typically, Guidelines sentencing ranges are established by the Sentencing Commission after "careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions" nationwide. *Gall*, 552 U.S. at 46. Therefore sentencing ranges generally represent a decision reached by the Commission's "professional staff with appropriate expertise," *Kimbrough*, 552 U.S. at 109, and provide "a rough approximation of sentences that might achieve § 3553(a)'s objectives" in a typical case, *Rita*, 551 U.S. at 350. But in cases where the applicable Guidelines "do not exemplify the Commission's

exercise of its characteristic institutional role," it is not necessarily "an abuse of discretion for a district court to conclude when sentencing a particular defendant" that a sentence within the Guidelines range "yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes even in a mine-run case." *Kimbrough*, 552 U.S. at 110.

### A. Child Pornography Guidelines

As an initial matter, the Court agrees with the numerous courts that have determined that the Guidelines in child pornography cases are owed less deference than Guidelines for other offenses, because the Guidelines for child pornography crimes are "largely the product of congressional directives, some of which the Sentencing Commission actively opposed, rather than Commission study and expertise." *United States v. Diaz*, 720 F. Supp. 2d 1039, 1042 (E.D. Wis. 2010).[2] The Sentencing Commission did not engage in its usual study of extensive empirical evidence in arriving

---

[2] *See, e.g.*, *United States v. Grober*, 624 F.3d 592, 603-09 (3d Cir. 2010); *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010); *United States v. C.R.*, 792 F. Supp. 2d 343, 363-64, 478-82 (E.D.N.Y. 2011); *United States v. Cameron*, No. 1:09-cr-00024, 2011 WL 890502, at *5-6 (D. Me. Mar. 11, 2011); *United States v. Diaz*, 720 F. Supp. 2d 1039, 1041-43 (E.D. Wis. 2010); *United States v. Meysenburg*, No. 8:08CR361, 2009 WL 2948554 (D. Neb. Sept. 11, 2009); *United States v. Riley*, 655 F. Supp. 2d 1298, 1304-05 (S.D. Fla. 2009); *United States v. McElheney*, 630 F. Supp. 2d 886, 891 (E.D. Tenn. 2009); *United States v. Beiermann*, 599 F. Supp. 2d 1087, 1100 (N.D. Iowa 2009); *United States v. Phinney*, 599 F. Supp. 2d 1037, 1040 (E.D. Wis. 2009); *United States v. Grober*, 595 F. Supp. 2d 382, 402 (D.N.J. 2008); *United States v. Doktor*, No. 6:08-cr-46, 2008 WL 5334121, *1 (M.D. Fla. Dec. 19, 2008); *United States v. Stern*, 590 F. Supp. 2d 945, 960-61 (N.D. Ohio 2008); *United States v. Johnson*, 588 F. Supp. 2d 997, 1003 (S.D. Iowa 2008); *United States v. Noxon*, No. 07-40152-01, 2008 WL 4758583, *2-3 (D. Kan. Oct. 28, 2008); *United States v. Grinbergs*, 8:05CR232, 2008 WL 4191145, at *5-8 (D. Neb. Sept. 8, 2008); *United States v. Ontiveros*, No. 07-CR-333, 2008 WL 2937539, at *8 (E.D. Wis. July 24, 2008); *United States v. Hanson*, 561 F. Supp. 2d 1004, 1008-11 (E.D. Wis. 2008); *United States v. Shipley*, 560 F. Supp. 2d 739, 744 (S.D. Iowa 2008); *United States v. Goldberg*, No. 05 CR 0922, 2008 WL 4542957, at *6 (N.D. Ill. Apr. 30, 2008); *United States v. Baird*, 580 F. Supp. 2d 889, 894-95 (D. Neb. 2008).

at the offense levels and enhancements which dictate the Guidelines sentencing ranges for child pornography crimes. Unlike sentencing enhancements for many other crimes, the Commission did not determine that child pornography defendants who are subject to typical child pornography enhancements, such as use of a computer, are more culpable, more dangerous, or in need of a longer prison sentence as a deterrent than those defendants who commit the same offense without those same enhancements. Therefore, the Guidelines range in the typical child pornography case fails to achieve the § 3553(a) objectives.

The lack of empiricism underlying the Guidelines for possession of child pornography crimes is reflected in the sheer unhelpfulness of the sentencing ranges for such crimes, which "routinely result in Guidelines projections near or exceeding the statutory maximum, even in run-of-the-mill cases." *United States v. Dorvee*, 616 F.3d 174, 186 (2d Cir. 2010) (noting that the Guidelines range of "[a]n ordinary first-time offender" often falls at or well above the statutory maximum "based solely on sentencing enhancements that are all but inherent to the crime of conviction"). Because the Guidelines in this case fail to "reflect the Commission's unique institutional strengths," in arriving at an appropriate sentence, the Court affords the Guidelines less deference than it would to empirically-grounded guidelines. *United States v. Baird*, 580 F. Supp. 2d 889, 895 (D. Neb. 2008); *see United States v. McElheney*, 630 F. Supp. 2d 886, 901-02 (E.D. Tenn. 2009) ("Since the child pornography Guidelines do not fully describe the current sentencing practices of district courts or adequately differentiate between the least and worst offenders, courts cannot rely fully on the child pornography Guidelines to be a

reliable assessment of a sentencing range that approximates the § 3553(a) factors in a typical child pornography case.").

B.     **Section 3553(a) Factors**

The Court first considers the nature and circumstances of the crime. Possession of child pornography is undoubtedly a serious offense. However, possession of child pornography "is the least serious of the crimes on the continuum of conduct – from possession to distribution to production to predatory abuse – that exploits children." *Baird*, 580 F. Supp. 2d at 893; *see also United States v. Kerr*, 472 F.3d 517, 523 (8th Cir. 2006) (noting that distribution of child pornography is a more serious offense than possession). A Guidelines sentence in this case – effectively the statutory maximum – would fail to differentiate between Munoz and defendants with greater culpability who have been convicted of more serious child exploitation crimes. If, for example, Munoz had committed the instant offense while "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor," warranting a five-level enhancement under U.S.S.G. § 2G2.2(b)(5), the Guidelines, with a range of 324-405 months for such an offense, would still result in an ultimate sentence recommendation of 120 months. If Munoz had committed the more serious conduct of distributing child pornography images for pecuniary gain, U.S.S.G. § 2G2.2(b)(3)(A), the Guidelines range would again essentially prescribe the same 120 month statutory maximum sentence. Therefore, although the offense is a serious one, the Court finds that the nature of the offense warrants a substantial downward variance from the Guidelines to adequately reflect the

seriousness of Munoz's crime in relation to other child exploitation crimes. *See Dorvee*, 616 F.3d at 187 (explaining that "adherence to the Guidelines results in virtually no distinction between the sentences for defendants" with less culpability and "the sentences for the most dangerous offenders who, for example, distribute child pornography for pecuniary gain and who fall in higher criminal history categories").

Additionally, the Court has considered Munoz's history and characteristics, and concludes that these factors also support a substantial variance from the Guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). Munoz has no criminal history. Although criminal history is already typically accounted for by a Guidelines sentence, *see, e.g.*, *United States v. Bryant*, 446 F.3d 1317, 1319-20 (8th Cir. 2006), the Guidelines range here – which at the low end recommends a sentence 68 months longer than the statutory maximum – fails to meaningfully account for Munoz's lack of criminal history. Additionally, the Court finds that Munoz has undertaken significant family responsibilities, consistently providing support to and maintaining a close relationship with his wife and two children. Munoz has strong ties to his church and community and his family and community have continued to support him since the time of the offense. The Court also considers Munoz's post offense behavior, which has been exemplary. Following the initial investigation in July 2007 Munoz sought counseling, and has continued to see a therapist in the time leading up to sentencing. Munoz enrolled in college classes to become a certified nursing assistant after the investigation and was employed as a nursing assistant until his conviction.

The Court also finds that a variance is warranted by the lengthy and excessive delay in charging this case. Munoz was not indicted until almost four years after the initial investigation in July 2007. This delay weighs in favor of a downward variance, especially in light of Munoz's post offense counseling, renewed commitment to community, and educational endeavors. Although Munoz was not incarcerated during this period of time, his life was negatively impacted by the pendency of the case and the threat of an indictment hanging over his head for several years. *See United States v. Muhlenbruch*, 682 F.3d 1096, 1100, 1102 (8th Cir. 2012) (upholding as substantively reasonable a sentence in which the district court varied solely "because the case had been pending for a long time").

The Court also notes that a conviction for possession of child pornography carries serious consequences apart from a term of imprisonment. Munoz has lost his ability to pursue a nursing career, has a felony conviction on his record, and must register as a sex offender. He is likely to confront intense stigmatization. The Court has considered these consequences in determining what sentence is sufficient but not greater than necessary.

Additionally, as discussed above, the Court concludes that a substantial downward departure is necessary to prevent unwarranted sentencing disparities. *See* 18 U.S.C § 3553(a)(6). In order to adequately assess sentencing disparities, the Court must take into account the sentencing practices of other courts. *See Kimbrough*, 552 U.S. at 108. The sentencing practices of other courts in similar cases demonstrate that a Guidelines sentence in this case would create disparities. *See United States v. Riley*, 655 F. Supp. 2d 1298, 1304 (S.D. Fla. 2009) (collecting cases where district courts have imposed

sentences "far below the Guidelines range for offenses involving the possession and transportation of child pornography").[3]

With respect to the need for deterrence, *see* 18 U.S.C. § 3553(a)(2)(B), the Court finds that the fact of a prison sentence of any length is likely the greatest deterrent in child pornography cases, and that a sentence greater than thirty months is not necessary to deter Munoz or others. Although the length of the sentence imposed in this case is relatively short in comparison to the recommended Guidelines range, any period in federal custody is a significant punishment to someone like Munoz who has no apparent history of criminal activity.

Further, a sentence of thirty months will provide adequate protection to the public. *See* 18 U.S.C. § 3553(a)(2)(C). The Court finds that Munoz presents little or no danger to the public. In a letter, Munoz's therapist indicated that he did not believe Munoz presented a risk of harm to others in society. Furthermore, the delay in prosecuting Munoz for almost four years, in which Munoz has not committed any crimes, provides further evidence that Munoz does not present a danger to the public. Munoz has substantial family and community support, will be required to register as a sex offender,

---

[3] *See, e.g., United States v. Howard*, No. 8:08CR387, 2010 WL 749782, at *8 (D. Neb. Mar. 1, 2010) (imposing a sentence of 60 months for possessing, receiving, and distributing child pornography where the Guidelines recommended 210-262 months); *Beiermann*, 599 F. Supp. 2d 1108-17 (imposing a sentence of 90 months for possessing, receiving, transporting and shipping child pornography where the Guidelines recommended 210-262 months); *Grober*, 595 F. Supp. 2d at 384, 412 (imposing a sentence of 60 months for possession, receipt, and transmission of child pornography where Guidelines recommended 235-293 months).

and must comply with the terms of his supervised release, which the Court finds will provide adequate protection to the public in this case.

For these reasons, the Court finds that application of the § 3553(a) factors to the facts of this case warrants a substantial variance from the recommended Guidelines range. The Court concludes that a sentence shorter than the statutory maximum adequately reflects the seriousness of the offense and provides just punishment. The sentence imposed will ameliorate the disparity in the treatment of defendants like Munoz and those who commit more serious child exploitation crimes. At the same time, the serious nature of the crime warrants punishment beyond the probationary sentence advocated by Munoz. The Court has considered Munoz's character, the seriousness of the crime, the impact on the victims, the need to promote respect for the law, and the need to provide just punishment of the crime. *See* 18 U.S.C § 3553(a)(2)(A). The Court has also considered the safety of the public and the importance of deterring similar crimes in the future. *See* 18 U.S.C § 3553(a)(2)(B), (C). Having carefully considered the evidence and the parties' arguments, the Court finds that a significant variance from the Guidelines range is warranted in this case and concludes that a sentence of thirty months imprisonment, along with a supervised release term of six years, is sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

DATED: October 30, 2012  
at Minneapolis, Minnesota.

_John R. Tunheim_  
JOHN R. TUNHEIM  
United States District Judge